# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

BEN JACOBS,

                Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS,

                Defendant.

Civil Action No. 09-2134 (EGS)

## MEMORANDUM OPINION

This matter is before the Court on the parties' cross-motions for summary judgment. Plaintiff's motions for summary judgment will be denied, and defendant's motion will be granted in part and denied in part.

### I. BACKGROUND

Plaintiff, a federal prisoner, brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, against the Federal Bureau of Prisons ("BOP"), alleging that it failed to respond to three FOIA requests sent in March 2008 by certified mail to its FOIA/PA Office at the Washington, D.C. headquarters. *See* Compl. ¶¶ 1-2, 7; *see also id.*, Ex. F-G (certified mail receipt and United States Postal Service confirmation of delivery on March 17, 2008).

In the first request, plaintiff sought information pertaining to prices charged for

1

commissary items at FCI Butner:[1]

> 1. All memorandums, e-mails, reports, documents which authorize institutional staff to mark up or raise the price of items in institutional commissaries
> 2. All memorandums, e-mails, reports, documents which reveal where these collected monies are stored locally & nationally
> 3. Any memorandums, e-mail, reports, or documents which pertain for what this fund or account might be titled.
> 4. Any memorandums, e-mail, reports or documents which calculate the interest & total monies collected in 2007 by FCI Butner from interest or mark up to commissary items.
> 5. Any memorandums, e-mail, reports or documents which authorize the BOP . . . to use these inflated rates.
> 6. Any memorandums, e-mail, reports, or documents which specify how much items at FCI Butler could be increased in 2007.

Compl., Ex. C.

The second FOIA request pertained to plaintiff's placement in a special housing unit in November 2007:

> 1. All memorandums, e-mails, reports, documents bearing my name and/or register number related to my being placed in the SHU on November 17th 2007.
> 2. All memorandums, e-mails, reports, documents bearing my name and/or register number related to my being placed in the dry cell on November 17th 2007.
> 3. All memorandums, e-mails, reports, documents, lab reports or test data related to the alleged evidence collected from dry cell on November 20th 2007.
> 4. All memorandums, e-mails, reports, documents, chain of custody, witness memos or test result witnesses related to collateral evidence mentioned above, or any document related to this evidence.

*Id.*, Ex. D.

---

[1] The Federal Correctional Complex in Butner, North Carolina ("FCC Butner") is comprised of four facilities: the Federal Correctional Institution (FCI Butner), the Low Security Correctional Institution (LSCI Butner), the Federal Medical Center (FMC Butner), and the Federal Correctional Center II (FCI II Butner). Def.'s Mem. of P. & A. in Supp. of its Mot. for Summ. J., Decl. of Alesia S. Sillah ¶ III.

Plaintiff's third FOIA request pertained to his transport in March 2008:

> 1. Any documents which reveal the identity of the correction[s] officer assigned to the back seat of the transport and the driver of said bus on March 3rd, 2008.
> 2. Any memorandum, e-mail, report, document bearing my name or register number by Lt. Bell on 3-3-08 pertaining to the injury sustained by me from restraints.
> 3. Any memorandum, e-mail, report, document bearing my name or register number by B.O.P. medical staff on 3-3-08 or after, pertaining to the injury mentioned above.
> 4. Any other documents bearing my name or register number by any B.O.P. employee pertaining [to] the injuries sustained by me from restraints during transport on March 3, 2008.

*Id.*, Ex. E.

The BOP did not receive these FOIA requests. Def.'s Opp'n to Pl.'s Mot. for Summ. J., Decl. of Alecia S. Sillah ("First Sillah Decl.") ¶ 7. Upon receipt of plaintiff's complaint, on January 25, 2010, the BOP consolidated the requests and assigned them a single tracking number, 2010-04129. *Id.* ¶ 8. On March 25, 2010, the BOP released 154 pages of responsive records to plaintiff, after having redacted certain information under FOIA Exemptions 5, 6, and 7(C). Def.'s Mem. of P. & A. in Supp. of its Mot. for Summ. J., Decl. of Alesia S. Sillah ("Second Sillah Decl."), Ex. C (March 25, 2010 letter from A.S. Sillah for W.M. Hunt, Chief, FOIA/PA Section, BOP) at 1-2.

## II. DISCUSSION

### A. *Summary Judgment in a FOIA Case*

The Court grants a motion for summary judgment if the pleadings, the discovery and disclosure materials on file, together with any affidavits or declarations, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits or declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on information provided in an agency's affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

"In opposing a motion for summary judgment or cross-moving for summary judgment, a FOIA plaintiff must offer more than conclusory statements." *Schoenman v. Fed. Bureau of Investigation*, 573 F. Supp. 2d 119, 134 (D.D.C. 2008) (citations omitted). Rather, "a plaintiff pursuing an action under FOIA must establish that either: (1) the Vaughn index does not establish that the documents were properly withheld; (2) the agency has improperly claimed an exemption as a matter of law; or (3) the agency has failed to segregate and disclose all

4

nonexempt material in the requested documents." *Id.* (citations omitted).

   B. *Receipt of Plaintiff's FOIA Request and Compliance with Statutory Deadlines*

The FOIA requires that an agency, "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available" to the requester. 5 U.S.C. § 552(a)(3)(A). The agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with [it] and shall immediately notify the [requester] of such determination and the reasons therefor, and of the [requester's] right . . . to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i).

Plaintiff demonstrates that he sent his FOIA requests by certified mail, *see* Compl., Ex. F-G, and the BOP acknowledges that "there is a signed certified mail receipt," First Sillah Decl. ¶ 6. Plaintiff moves for summary judgment, arguing that the BOP cannot justify its failure to respond to his FOIA requests within 20 days of receipt. Pl.'s Mot. for Summ. J. ¶ 1.[2]

After conducting a search of the BOP's E-Works FOIA/PA Database, the declarant confirmed "that the [BOP] did not receive the three FOIA requests associated with [plaintiff's] certified mail submission." First Sillah Decl. ¶ 6.[3] However, upon receipt of plaintiff's complaint on January 6, 2010, it consolidated the requests, entered them into the E-Works Database on January 25, 2010, *id.* ¶ 8, and released the requested records within approximately

---

   [2] It appears that plaintiff's second summary judgment motion [Dkt. #25] is a duplicate of the first [Dkt. #11].

   [3] BOP's "computerized database for FOIA/PA requests is called E-Works." Second Sillah Decl. ¶ II.

three months, Second Sillah Decl. ¶¶ XIV-XV.

The BOP's untimely response does not entitle plaintiff to judgment in his favor. *See Landmark Legal Found. v. Envtl. Prot. Agency*, 272 F. Supp. 2d 59, 68 (D.D.C. 2003) ("[A] lack of timeliness or compliance with FOIA deadlines does not preclude summary judgment for an agency, nor mandate summary judgment for the requester."). Furthermore, the FOIA authorizes the Court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Once the Court determines that the agency has, "however belatedly, released all nonexempt material, [it has] no further judicial function to perform under the FOIA." *Perry*, 684 F.2d at 125. It has not yet been determined that the BOP improperly withheld records from plaintiff. And if the BOP ultimately demonstrates its full compliance with its obligations under the FOIA with respect to plaintiff's three requests, the timeliness of its response is not dispositive. *See Atkins v. Dep't of Justice*, No. 90-5095, 1991 WL 185084 (D.C. Cir. Sept. 18, 1991) ("The question whether DEA complied with the [FOIA's] time limitations in responding to [appellant's] request is moot because DEA has now responded to this request."); *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) ("'[H]owever fitful or delayed the release of information under the FOIA may be . . . if we are convinced appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.'") (quoting *Perry*, 684 F.2d at 125); *Crooker v. U.S. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980) ("Once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made."); *Saldana v. Fed. Bureau of Prisons*, No. 08-1963, 2010 WL 2245696, at *2 (D.D.C. June 4, 2010); *Muhammad v. U.S. Customs & Border Prot.*,

6

559 F. Supp. 2d 5, 7 (D.D.C. 2008).

## C. The BOP's Search for Responsive Records

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). The agency bears the burden of showing that its search was calculated to uncover all relevant documents. *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id*. at 127. If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt*, 897 F.2d at 542.

### 1. Prices of Items in Institution Commissaries

The Trust Fund Department "is responsible for coordinating and maintaining a system of financial services to control and manage money of [BOP] inmates," and also is "responsible for ensuring the safe and economical procurement and distribution of special articles that inmates may procure using their own funds." Second Sillah Decl. ¶ V. Trust Fund staff at FCC Butner "handles inmate accounts and financial services of all the institutions located there." *Id*. With respect to plaintiff's request for information pertaining to the price of items for sale in institution commissaries, the declarant "contacted Trust Fund staff at FCC Butner[,]" *id*. ¶ IV, who provided her "with a copy of BOP Program Statement 4500.06, titled <u>Trust Fund/Deposit Fund</u>

7

Manual," *id*. ¶ VI. Program Statement 4500.06 "provides the pricing, inflation and/or mark-ups, and interest calculation information" requested by the plaintiff. *Id*.

### 2. Placement in the Special Housing Unit

Plaintiff was designated to FCI II Butner in November 2007, and the declarant contacted the Correctional Services Department there regarding plaintiff's request for records pertaining to his placement in the special housing unit on November 17, 2007. Second Sillah Decl. ¶ VII. Twenty-two pages of records were located and deemed responsive to plaintiff's request. *Id*. ¶¶ VII-VIII.

### 3. Transport on March 3, 2008

Regarding plaintiff's request for information pertaining to his transport on March 3, 2008, the declarant contacted the Correctional Services Department at FCI II Butner. Second Sillah Decl. ¶ X. The Department explained that it maintained no transportation logs, and, therefore, "staff seating locations on the bus trips are not documented." *Id*. ¶ XI. However, the Department maintained a transportation drop file which would "include[] any memorandums developed as a result of an injury during transport and any other notable occurrences during transport." *Id*. A review of the transportation drop file yielded no memoranda pertaining to the March 3, 2008 incident to which plaintiff referred in his FOIA request. *Id*.

Because an inmate's medical records "travel with him from institution-to-institution, FCC Butner staff were unable to search for any medical reports concerning the March 3, 2008 alleged incident." *Id*. ¶ XII. The declarant contacted the Medical Department at USP McCreary, where plaintiff currently is incarcerated, and "requested any documentation of an alleged injury sustained from restraints during a bus transport on March 3, 2008, or sometime shortly

8

thereafter, concerning [plaintiff]." *Id*. ¶ XIII. One page was located. *Id*. ¶ XIV.

The BOP released 154 pages of records, 22 of which were redacted. Second Sillah Decl. ¶ XV. No records were withheld in full. *See id*., Ex. C at 1. Plaintiff has raised no objection with respect to the agency's search for responsive records.

Based on the BOP's memorandum and supporting declarations, the Court concludes that the agency's search for responsive records was reasonable under the circumstances.

### D. Exemptions

Plaintiff devotes his entire opposition to the BOP's untimely response to his FOIA requests. Because he raises no objection to the BOP's decisions to withhold certain information under Exemptions 2, 5, 6 and 7(C), the Court may treat the BOP's motion as conceded. However, because plaintiff is proceeding *pro se*, the Court continues its review of the merits of the BOP's summary judgment motion.

Under the FOIA, an agency may withhold documents responsive to a FOIA request only if they fall within one of nine enumerated statutory exemptions. *See* 5 U.S.C. § 552(b). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the [FOIA's] inspection requirements." *Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978); *see also Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001). "[W]hen an agency seeks to withhold information, it must provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Morley v. Cent. Intelligence Agency*, 508 F.3d 1108, 1122 (D.C. Cir. 2007) (quoting *King v. U.S. Dep't of*

9

*Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987)) (internal quotation marks omitted). For example, "[b]arren assertions that an exempting statute has been met cannot suffice to establish that fact." *Founding Church of Scientology of Washington, D.C., Inc. v. Nat'l Sec. Agency*, 610 F.2d 824, 831 (D.C. Cir. 1979). Nor can an agency meet its obligation simply by quoting the statutory language of an exemption. *See, e.g., Army Times Pub. Co. v. Dep't of the Air Force*, 998 F.2d 1067, 1070 (D.C. Cir. 1993) (remarking that affidavits "[p]arroting the case law" were insufficient); *Voinche v. Fed. Bureau of Investigation*, 412 F. Supp. 2d 60, 69 (D.D.C. 2006) (concluding that the FBI did not justify its decision to withhold information under Exemption 7(E) where the declaration "merely quote[d] the statutory language of Exemption (E)"); *Scott v. Cent. Intelligence Agency*, 916 F. Supp. 42, 48 (D.D.C. 1996) (finding a declaration inadequate because it failed to provide the date of the documents, the number of documents withheld, and the nature and type of material contained in the documents).

In support of its motion, the BOP relies on the declaration of Alecia S. Sillah to explain the agency's decision to withhold certain information under Exemptions 2, 5, 6, and 7(C). *See* Sillah Decl., Ex. D ("*Vaughn* index"). The Court has reviewed the declaration and *Vaughn* index, and finds the agency's submission inadequate. The *Vaughn* index dutifully lists each document by number, offers a brief description of the nature of the document (for example, "Inmate Telephone Call Monitoring Report") and sets forth the exemption or exemptions under information is redacted. The index falls short, however, both in its failure to discuss the nature or type of information withheld and its inadequate explanation of the reasons for withholding information under the claimed exemption. The accompanying declaration offers no additional information to compensate for the *Vaughn* index's deficiencies. Furthermore, based on the

current record, the Court is unable to determine whether any reasonably segregable portion of a record has been provided to plaintiff after deletion of portions which are exempt.

### III. CONCLUSION

The Court concludes that the BOP's search for records responsive to plaintiff's FOIA requests was adequate, but that, based on the current record, it has not fulfilled its obligations under the FOIA in any other respect. Accordingly, the Court will grant defendant's motion in part and deny it in part without prejudice. The BOP may file a renewed motion for summary judgment based on additional undisputed facts or by offering additional legal arguments. Plaintiff's motions for summary judgment will be denied. An Order consistent with this Memorandum Opinion is issued separately.

SIGNED: EMMET G. SULLIVAN
United States District Judge

DATED: July 26, 2010