UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BEN JACOBS,

        Plaintiff,

v.                                     Civil Action No. 09-2134 (RLW)

FEDERAL BUREAU OF PRISONS,

        Defendant.

## MEMORANDUM OPINION

Plaintiff, a federal prisoner, brought this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, against the Federal Bureau of Prisons ("BOP"), alleging that it failed to respond to three FOIA requests sent in March 2008 to its Washington, D.C. headquarters office. The Court granted in part the BOP's first dispositive motion, *see Jacobs v. Fed. Bureau of Prisons*, 725 F. Supp. 2d 85, 91 (D.D.C. 2010), finding that the agency's search for records responsive to plaintiff's requests was adequate. However, because the BOP did not demonstrate its full compliance with the FOIA in any other respect, its motion was denied in part without prejudice. *See id.* at 92.

Now before the Court are the BOP's renewed motion for summary judgment and plaintiff's motion for fees and costs. For the reasons discussed below, the Court will grant the former and deny the latter.

*I. Plaintiff Failed to File a Timely Opposition to the BOP's*

*Renewed Motion for Summary Judgment*

The BOP filed a renewed motion for summary judgment on October 1, 2010. On that same date, the Court issued an Order informing plaintiff of his obligation to respond to the BOP's motion and warned him that the Court would treat the motion as conceded if he failed to file a timely opposition. On plaintiff's motions, the opposition deadline was extended twice, to January 24, 2011, and most recently to March 23, 2011. To date, plaintiff neither has filed an opposition nor has requested more time to do so. The Court treats the BOP's motion as conceded. *See* LCvR 7(b).

*II. Plaintiff Is Not Entitled to an Award of Fees and Costs*

Plaintiff "respectfully requests . . . this Court to order Defendant [to] pay $350.00 in cost incurred by the Plaintiff in this matter." Pl.'s Mot. for Fees & Cost at 1. The FOIA permits a district court to "assess against the United States . . . other litigation costs reasonably incurred in any case . . . in which the [plaintiff] has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A party substantially prevails if he "has obtained relief through either . . . a judicial order, or an enforceable written agreement or consent decree[,] or . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). The latter provision "essentially codifies the so-called 'catalyst theory' for determining a fee request against the United States, under which a plaintiff is deemed to have 'substantially prevailed' for purposes of § 552(a)(4)(E) if the 'litigation substantially caused the requested records to be released.'" *N.Y.C. Apparel F.Z.E. v. U.S. Customs and Border Protection Bureau*, 563 F. Supp. 2d 217, 221 (D.D.C. 2008) (quoting *Chesapeake Bay Found. v. Dep't of*

*Agric.*, 11 F.3d 211, 216 (D.C. Cir. 1993), *abrogated in part on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598, 601-02 (2001)); *see Judicial Watch, Inc. v. FBI*, 522 F.3d 364, 345 (D.C. Cir. 2008) (finding that the requester substantially prevailed when it secured court orders requiring the government to disclose requested documents). "The catalyst theory assumes that a voluntary or unilateral change in an agency's position is induced by the complainant's lawsuit." *Wildlands CPR v. U.S. Forest Serv.*, 558 F. Supp. 2d 1096, 1098 (D. Mont. 2008).

"[A] FOIA plaintiff who substantially prevails becomes *eligible* for attorney's fees [and litigation costs]; whether the plaintiff is actually *entitled* to a fee award is a separate inquiry that requires a court to consider a series of factors." *Edmonds v. FBI,* 417 F.3d 1319, 1327 (D.C. Cir. 2005) (internal quotation marks, brackets and citations omitted) (emphasis in original). The decision to award attorneys' fees and costs is left to the Court's discretion. *See Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 705-06 (D.C. Cir. 1977) (commenting that the § 552(a)(4)(E) "contemplates a reasoned exercise of the courts' discretion taking into account all relevant factors"). In making this decision, the Court considers "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *Davy v. CIA,* 550 F.3d 1155, 1159 (D.C. Cir. 2008) (citations omitted). "No one factor is dispositive, although the [C]ourt will not assess fees when the agency has demonstrated that it had a lawful right to withhold disclosure." *Id.*

Plaintiff produced certified mail receipts to show that he submitted his FOIA requests to the BOP in March 2008. The BOP, however, claimed to have received the requests only after this

3

litigation commenced. Upon receipt of the requests, the BOP conducted searches for responsive records and disclosed them to plaintiff approximately three months later. Its response to the requests reasonably can be considered "a voluntary or unilateral change in position by the agency" after a lawsuit was filed. 5 U.S.C. § 552(a)(4)(E)(ii). An award of costs is warranted, however, only if plaintiff's claim is not "insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii).

The Court presumes, and plaintiff makes no argument to the contrary, that plaintiff filed this action in order that the BOP release information intended for his personal use only. It does not appear that plaintiff derives a commercial benefit from the requested records, or that the public benefits in any way from their release. Moreover, if the BOP had no record of receipt of the requests, it hardly is surprising that it failed to respond promptly. For these reasons, the Court concludes that plaintiff's claim is insubstantial, and his request for fees and costs will be denied. *See Poett v. U.S. Dep't of Justice*, No. 08-0622, 2010 WL 3892249, at *6-7 (D.D.C. Sept. 30, 2010) (denying award of fees and costs to requester where "the lack of a public benefit inherently illuminates the fact that Plaintiff's relationship to the disclosed document is of a private and personal nature"); *Contreras v. U.S. Dep't of Justice*, 729 F. Supp. 2d 167, 171 (D.D.C. 2010) (denying request for fees and costs where requester's FOIA claim was too broad and . . . insufficiently identified the requested documents," and "there was no causal connection between the suit and the release of documents"); *White v. Lappin*, 725 F. Supp. 2d 203, 206 (D.D.C. 2010) (denying request for fees and costs where the BOP had no record of receipt of FOIA request, the requester sought information for his personal use only and derived no commercial benefit, and where the BOP promptly arranged for the release of the requested records when it became aware of the request).

An Order is issued separately.

DATE: April 26, 2011

_____/s/_____
ROBERT L. WILKINS
United States District Judge